IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIANN DOWLING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **2:05cv914** |
| | ) | **Electronic Filing** |
| **CITIZENS BANK,** | ) | |
| | ) | **Judge Cercone** |
| Defendant. | ) | **Magistrate Judge Caiazza** |

**MEMORANDUM ORDER**

AND NOW, this 18th day of September, 2007, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on January 18, 2007, and plaintiff's objections thereto, IT IS ORDERED that defendant's motion for summary judgment (Docket No. 24) be, and the same hereby is, granted. The magistrate judge's report and recommendation (Docket No. 32) as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. First, the record is devoid of evidence that raises a reasonable inference of disparate treatment based on the comparators identified by the plaintiff. Plaintiff has the burden of demonstrating that similarly situated persons were treated differently and in doing so she cannot simply pick and choose other employees as valid comparators based on criteria of her own liking. Simpson v. Kay Jewelers, 142 F.3d 639, 646 (3d Cir. 1998). Instead, "[i]n determining whether similarly situated nonmembers of a protected class where treated more favorably than a member of the protected class, the focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse

action." Id. at 647.

Here, plaintiff held a supervisory position and engaged in conduct that the employer found to be undertaken purposefully by plaintiff to inflate her performance results. Plaintiff has failed to identify evidence from which the finder of fact could conclude that other nonmember supervisory employees were treated more favorably under comparable circumstances.

Plaintiff's citation to the Eighth Circuit for a "similarly situated" standard does not overcome her evidentiary shortcoming. Plaintiff must advance evidence from which the finder of fact can conclude the proposed comparable employees are "similarly situated in all material respects," Sherrod v. Booker T. Washington Center, 2006 WL 2707317, *8 (W.D. Pa. Sept. 19, 2006) (citing Perkins v. Brigham & Women's Hosp., 78 F.3d 747, 751 (1 st Cir.1996)), and the acts of those employees are of comparable seriousness to plaintiff's own acts. Id. (citing Lanear v. Safeway Grocery, 843 F.2d 298 (8th Cir.1988)). Clearly, Teresa Rotondo was not a similarly situated comparator to plaintiff because Rotondo was a non-management employee and under plaintiff's direct supervision. Defendant's decision to treat her differently because it viewed her as less culpable than plaintiff for committing the same wrongful act does not provide evidence that undermines defendant's proffered explanation.

Scott Vidovich was not similarly situated to plaintiff on a different level. Although he was a branch manager, his conduct involved only negligent supervision of an employee's activities. That negative supervision allowed the employee to embezzle money. Plaintiff, like Vidovich, also failed in her duties to supervise when her assistant supervisor, Terry L. Braun, improperly used bank funds. But plaintiff also intentionally opened numerous sham

bank accounts, in contravention of company policy and which admittedly failed to further the bank's objectives in acquiring new checking accounts. And when she engaged in this conduct she understood it would alter her performance numbers for the purpose of receiving incentives and prizes. Defendant's decision to treat Vidovich differently because it viewed his conduct as less culpable does not provide evidence that undermines defendant's proffered explanation.

Second, defendant's stated reasons for plaintiff's discharge likewise fail to provide evidence of pretext invidious discriminatory motives. As the magistrate judge aptly observed, the fact that defendant told plaintiff the reason for her termination was an overall loss of confidence in her abilities to be manager is not inconsistent with any of defendant's stated reasons for termination. During the meeting that concluded with the plaintiff being discharged, defendant spoke to plaintiff about her opening of sham bank accounts and failure to supervise Terry Braun properly. The only logical conclusion that can be derived from that meeting is that plaintiff's intentional misconduct and failure to supervise adequately were the reasons behind defendant's loss of confidence. Additionally, plaintiff's argument that defendant did not have a written rule concerning the opening of sham bank accounts is of little force because defendant did have written rules concerning "gaming" and altering performance results. Although the term "gaming" was not specifically defined, plaintiff conceded in her own testimony that she had a basic understanding that distorting her performance results was not permitted.

Finally, the testimony and alleged comments of Charlotte Bullock coupled with the employment statistics offered by plaintiff as evidence of pretext are not sufficient to meet plaintiff's burden on summary judgment. Plaintiff points to Ms. Bullock's alleged comment to plaintiff before she was investigated that Craig Campbell did not believe plaintiff was the right

person for the job of bank manager. Nevertheless, the comment, considered true for summary judgment purposes, does not involve or even remotely suggest the presence of any discriminatory beliefs or motives on behalf of defendant or Mr. Campbell. The magistrate judge clearly was correct in concluding that there was minimal probative value in Ms. Bullock's testimony that Mr. Campbell favored younger branch managers. Bullock conceded that the belief was unsubstantiated and based on rumor; and plaintiff provided no further evidence that the belief was supported by an informed perception of Mr. Campbell's decision-making process when hiring managers.

Furthermore, the statistical evidence provided by plaintiff fails to support adequately any reasonable inference of a discriminatory intent or trend in defendant's hiring and promotion of bank managers. To the contrary, on its face the evidence appears to warrant an inference that defendant favored individuals within the protected class or at least acted neutrally. When considered for the opposite proposition, the evidence at best is of scant probative value.

It is well settled that "raw numerical comparisons . . . not accompanied by any analysis of either the qualified applicant pool or the flow of qualified candidates over a relevant period of time" generally fail to provide probative evidence of alleged discriminatory motive. Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 543 (3d Cir.1993), cert. denied, 510 U.S. 826, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993). And merely providing a summary of the demographics of the applicant pool suffers from the same shortcoming. Haley v. City of Plainfield, 169 Fed. Appx. 670, 674 (3d Cir. 2006). Notably, the statistics proffered by plaintiff show that eight candidates over the age of fifty and seven candidates over the age of forty were hired or promoted as bank manager within the proffered time period. Plaintiff has not provided

any analysis of the employment statistics concerning the qualified applicant pool, the flow of qualified applicants over the period in question, or if the candidates chosen to be bank manager were the most qualified. Thus, facially the statistics simply cannot be interpreted as supporting plaintiff's assessment that defendant is discriminating against bank managers within a protected class.

The record demonstrates that plaintiff has failed to advance evidence sufficient to create a triable issue of fact. Accordingly, the magistrate judge appropriately recommended that defendant's motion for summary judgment be granted.

D S Cercone

David Stewart Cercone
United States District Judge

cc: Honorable Francis X. Caiazza
Chief United States Magistrate Judge

Gregory T. Kunkel, Esquire
Brentwood Professional Building
4411 Stilley Road, Suite 206
Brentwood, PA 15227

James P. Hollihan, Esquire
Duane Morris
Suite 5010
600 Grant Street
Pittsburgh, PA 15219